| STATE OF SOUTH DAKOTA | ) | | IN CIRCUIT COURT |
|---|---|---|---|
| | ) SS | | |
| COUNTY OF MINNEHAHA | ) | | SECOND JUDICIAL CIRCUIT |

| ALISHA PRINSEN, | * | CIV. 11-842 |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | AMENDED SUMMONS |
| STATE FARM MUTUAL AUTO INSURANCE COMPANY, | * | |
| Defendant. | * | |

To the Above-Named Defendant:

You are hereby summoned and required to serve upon Sarah M. Liberko, Plaintiff's attorney, whose address is 3500 South First Avenue Circle, Suite 201, Sioux Falls, South Dakota 57105, an Answer to the Complaint which is herewith served upon you and filed in the office of the Clerk of the Second Judicial Circuit, Minnehaha County, located in Sioux Falls, South Dakota, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

Dated this 15th day of March, 2011.

RADKE LAW OFFICE, P.C.
Attorneys for Plaintiff

_____
FOR THE FIRM
3500 South First Avenue Circle
Suite 201
Sioux Falls, SD 57105
Telephone: (605) 575-2603
Facsimile: (605) 575-2606

| STATE OF SOUTH DAKOTA | ) | | IN CIRCUIT COURT |
|---|---|---|---|
| | ) SS | | |
| COUNTY OF MINNEHAHA | ) | | SECOND JUDICIAL CIRCUIT |

| ALISHA PRINSEN, | * | CIV. 11-842 |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | AMENDED COMPLAINT |
| STATE FARM MUTUAL AUTO INSURANCE COMPANY, | * | |
| Defendant. | * | |

Plaintiff, Alisha Prinsen, for her Complaint against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Alisha Prinsen, at all times relevant hereto, was a resident of Sioux Falls, Minnehaha County, South Dakota.

2. Defendant, State Farm Mutual Auto Insurance Company (State Farm Insurance), is a foreign insurance company with a home office in Bloomington, Illinois, and licensed to do business in the state of South Dakota.

3. On or about March 24, 2009, at approximately 4:15 p.m., Plaintiff was involved in a motor vehicle accident wherein a vehicle driven by Christopher Simmons (hereinafter referred to as "Mr. Simmons") failed to yield to Plaintiff at a controlled intersection and collided with Plaintiff's vehicle.

4. At the time of the accident Plaintiff had in effect a policy of automobile insurance through Defendant, State Farm Insurance, carrying $100,000 policy limits of applicable underinsured motorist benefits.

5. At the time of the accident Mr. Simmons vehicle was insured through Northern Plains Insurance which had applicable policy limits of $25,000.00.

6. At the time of the accident, Mr. Simmons was driving an "underinsured vehicle" within the meaning of the Plaintiff's policy of insurance with Defendant.

7. On October 1, 2010, Plaintiff notified Defendant that a settlement was being negotiated for Northern Plains Insurance policy limits and sought permission to settle her claim with Northern Plains Insurance, or in the alternative, requested that Defendant substitute a draft for the offered settlement amount.

8. On November 2, 2010, Defendant consented to a settlement of the tort claim against Mr. Simmons for the $25,000.00 policy limits and, further, denied Plaintiff's claim for any underinsured motorist benefits.

9. On January 19, 2011, Northern Plains Insurance extended an offer of settlement for the policy limits of $25,000.00 and Plaintiff settled the underlying tort claim against Mr. Simmons.

10. On February 10, 2011, Plaintiff submitted a claim to Defendant for underinsured motor benefits and asked for further investigation by Defendant.

11. On February 14, 2011, Defendant requested additional information from Plaintiff, which was immediately provided.

12. On March 8, 2011, Plaintiff was advised that Defendant was denying the claim for underinsured motorist benefits.

## COUNT I
## BREACH OF CONTRACT

Plaintiff realleges paragraphs 1 through 11 inclusive as if fully set forth herein.

13. Plaintiff's insurance policy through Defendant provided coverage for underinsured motorist benefits in the amount of $100,000.00.

14. Plaintiff is entitled to recover the amount of money that will fairly and reasonably compensate her for losses not to exceed the $100,000.00 policy limits, minus the $25,000.00 coverage limits provided by Mr. Simmons' liability policy.

15. Defendant breached its contractual obligation by failing to conduct a reasonable investigation and by failing to pay reasonable benefits to Plaintiff as required by the insurance contract and South Dakota law.

## COUNT II
## VEXATIOUS DENIAL

Plaintiff realleges paragraphs 1 through 15 inclusive, as if fully set forth herein.

16. Despite its duty to Plaintiff, Defendant vexatiously and unreasonably refused to pay Plaintiff sufficient underinsured motorist benefits pursuant to S.D.C.L. 58-11-9.5. Therefore, Plaintiff should be reimbursed for his attorney's fees in accordance with S.D.C.L. 58-12-3.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. For judgment against Defendant for Plaintiff's cause of action for breach of contract.

2. For judgment against Defendant for Plaintiff's cause of action for vexatious denial.

3. For compensatory damages (past, present, and future), including medical expenses, loss of the enjoyment of life, pain and suffering and attorney's fees.

4. For any other relief as the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 15th day of March, 2011.

RADKE LAW OFFICE, P.C.
Attorneys for Plaintiff

_____
FOR THE FIRM
3500 South First Avenue Circle
Suite 201
Sioux Falls, SD 57105
(605) 575-2603